FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE v. TOWNSHIP OF BESSEMER.

1. Bills and Notes—Consideration—Holder in Due Course—Municipal Corporations.

Fact that township which gave an alleged promissory note to bank which indorsed same to plaintiff without recourse, obtained no money from payee which became insolvent four days thereafter would not bar plaintiff from recovering from defendant township if note was lawfully issued, was negotiable and plaintiff a good faith holder thereof.

2. SAME—RECITALS—LAW OF CASE—PUBLIC LAW—MUNICIPAL COR-
PORATIONS.

    Recitals, contained in a negotiable note, could be accepted by
plaintiff indorsee without recourse as a true relation of facts
but recital that loan for which it was given was ''made in
accordance with the laws of the State'' was not a relation of
fact but an erroneous conclusion of law under the circum-
stances which could not establish the law of the case nor bar
application of public law.

3. TOWNSHIPS—TAX-ANTICIPATION NOTES—STATE TREASURER'S CER-
TIFICATE.

    Certificate of State treasurer that township's tax-anticipation
notes were issued in compliance with statutory provision where
they matured in more than six months from date of issue *held*,
not a ministerial act but a statutory prerequisite, without
which the township board could not borrow the money, issue
the note and obligate the township (Act No. 26, § 2, Pub.
Acts 1931).

4. SAME—TAX-ANTICIPATION NOTES—COMPLIANCE WITH STATUTES—
HOLDERS CHARGED WITH NOTICE.

    Special authority under statutory regulation, such as permission
to townships to issue notes in anticipation of collection of
taxes, must be obeyed by the township officers and observation
of whether obedience has been had or not must be made by any
and all holders of purported township obligations issued there-
under (Act No. 26, § 2, Pub. Acts 1931).

5. SAME—TAX-ANTICIPATION NOTES—CERTIFICATE OF STATE TREAS-
URER.

    Certificate of State treasurer that provisions of statute relative
to issuance of notes by townships in anticipation of collection
of taxes had been complied with *held*, prerequisite to issuance
of $7,000 note maturing more than six months from date of is-
suance, notwithstanding that in setting up procedure for sale of
such notes reference is made to statute relating to loans of
$10,000 or more (1 Comp. Laws 1929, § 2696; Act No. 26, Pub.
Acts 1931).

6. BILLS AND NOTES—TOWNSHIP'S TAX-ANTICIPATION NOTE—STATE
TREASURER'S CERTIFICATE.

    Township's note which purported to have been issued under
statutory authority to borrow money in anticipation of the
collection of taxes but for which State treasurer's certificate

was not obtained and which was in the hands of plaintiff bank as an indorsee without recourse *held,* unlawful and void *ab initio* (Act No. 26, § 2, Pub. Acts 1931).

7. TOWNSHIPS—TAX-ANTICIPATION NOTES—STATUTES—VALIDATION.
   Validation provision incorporated in acts amendatory of statute authorizing townships to borrow money in anticipation of the collection of taxes which applied solely to certain other enumerated obligations to meet emergency demands and bore no relation to provisions relating to tax-anticipation note sued upon *held,* not to validate note that was unlawfully issued and void *ab initio* (Act No. 26, Pub. Acts 1931, as amended by Acts Nos. 46, 214, § 6 [b], Pub. Acts 1933).

Appeal from Gogebic; Driscoll (George O.), J. Submitted July 7, 1938. (Docket No. 102, Calendar No. 39,743.) Decided November 10, 1938. Rehearing denied December 22, 1938.

Assumpsit by First National Bank of Milwaukee, Wisconsin, against Township of Bessemer, a municipal corporation, to recover sums due on an alleged promissory note. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.* (*Miller, Mack & Fairchild,* of counsel), for plaintiff.

*William F. Pellow* and *Ivan D. Wright,* for defendant.

WIEST, C. J. Taxes for road repair and other purposes having been authorized by defendant township in 1932, Act No. 26, Pub. Acts 1931, permitted the township board, under specified procedure, to borrow a percentage thereof in anticipation of collection.

Purporting to act under such statutory authorization the members of the township board signed a note for $7,000, payable to the Peoples State Bank of Bessemer, or its order, and received credit to that

amount in the township account at the bank. The Bessemer bank at once transferred the note, by indorsement, without recourse, to its correspondent, the First Wisconsin National Bank of Milwaukee, to which it was heavily indebted, and was given credit to the amount thereof upon such indebtedness. The note was given to the Bessemer bank on May 14, 1932, and, four days later and before the township had drawn on the credit, the Bessemer bank closed its doors as an insolvent.

Plaintiff bank brought this suit on the note and, upon trial by jury, met with an adverse verdict and judgment, from which it prosecutes this appeal.

Motions of plaintiff for a directed verdict and for a new trial were denied.

The note recited:

"The above obligation and evidence of indebtedness is given in pursuance of a resolution passed and adopted by the township board of said township of Bessemer, on the 4th day of April, A. D. 1932, authorizing said township board and the treasurer of said township to borrow money in anticipation of the collection of the road repair taxes, which have been authorized to be levied upon the taxable property in said township for the year A. D. 1932, and which said loan is made in accordance with the laws of the State of Michigan."

The note was signed by the township supervisor, clerk, treasurer and two justices of the peace. Accompanying the note was a copy of a purported resolution, mentioned in the recital in the note, signed by the township supervisor, clerk and two justices of the peace. The record book of the township board meetings does not contain any such resolution.

Plaintiff claims to have purchased the note in due course for value and before maturity and in reliance

upon the recitals therein, and that it is a *bona fide* holder thereof.

Defendant claims the note void for want of township board authorization; noncompliance with statutory requirement as hereinafter mentioned, failure of consideration and that plaintiff in merely crediting the amount of the note on the Bessemer bank antecedent indebtedness to it is not a holder in due course and for a valuable consideration. The loan was obtainable by the township under the provisions of Act No. 26, Pub. Acts 1931.

Unfortunately, the township obtained no money from the Bessemer bank, but that fact does not bar plaintiff if the note was lawfully issued and was negotiable and plaintiff is a good faith holder thereof. The note carried negotiability upon its face.

Plaintiff contends that the recitals in the note signed by the members of the township board estops the township from now claiming otherwise.

Such recitals of township board action, made by the board members, could be accepted by plaintiff as a true relation of facts, but the further recital "and which said loan is made in accordance with the laws of the State of Michigan," was not a relation of fact but an erroneous conclusion of law, and cannot establish the law of the case nor bar application of public law.

Assuming, for the purposes of this case, that the loan was authorized by the township board we come to the question of whether such authorization was valid. The note sued upon, according to its terms, matured in more than six months from the date of issue, and the point is made in behalf of defendant that the note was without compliance with Act No. 26, § 2, Pub. Acts 1931, reading as follows:

"If any notes issued pursuant to the provisions of this act shall mature in more than six months

from the date of issue, they shall be sold in accordance with the terms of section seven of act number two hundred seventy-three of the public acts of nineteen hundred twenty-five as amended, being section two thousand six hundred ninety-six of the compiled laws of nineteen hundred twenty-nine.  No such notes shall be issued under the provisions of this act which mature in more than six months from the date of issue, until the officer having charge of the financial records of the governmental unit issuing the same, shall make a sworn statement to the State treasurer containing the information required to be given by section eight of act number two hundred seventy-three of the public acts of nineteen hundred twenty-five as amended, being section two thousand six hundred ninety-seven of the compiled laws of nineteen hundred twenty-nine, together with any other information showing a compliance with this act, and if the State treasurer shall find that said notes comply with the provisions of this act then he shall issue a certificate to that effect.'' ·

There was no compliance with this statutory provision, but plaintiff contends that, inasmuch as the requirement of the provision could have been complied with in this instance, it is not to be considered mandatory.  The certificate of the State treasurer was not a ministerial act but a statutory prerequisite, without which the township board could not borrow the money and issue the note and obligate the township.  Special authority, under statutory regulation, inclusive of public protective provisions, must be obeyed by the township officers and observation of whether obedience has been had or not must be made by any and all holders of purported township obligations issued thereunder.

Plaintiff, however, urges that:

''In the first sentence of Act No. 26, § 2, Pub. Acts 1931, it is provided that notes which mature in more

than six months from the date of issue 'shall be sold in accordance with the terms of Act No. 273, § 7, Pub. Acts 1925, as amended.' ''

Plaintiff construes the mentioned statute, requiring the certificate of the treasurer, to apply only to loans of $10,000 or more, because the section of the compiled laws to which reference is made relates to loans of $10,000 or more, and therefore the words ''such notes'' refer to notes covered by the first sentence of the section, namely, notes in the sum of $10,000 or more.

We cannot adopt such construction of the act for we are of the opinion that the provisions ''If any notes issued pursuant to the provisions of this act shall mature in more than six months from the date of issue. * * * No such notes shall be issued under the provisions of this act which mature in more than six months from the date of issue,'' without a certificate of the State treasurer, required the certificate in this instance as a prerequisite to issuance of the note.

No certificate was obtained and without it action by the board or officers of the township was a nullity, the note was unlawful and cannot be held otherwise in the hands of any holder.

Plaintiff invokes the validation provision of Act No. 214, § 6 (b), Pub. Acts 1933 (Comp. Laws Supp. 1933, § 2702–6[b]), amending Act No. 26, Pub. Acts 1931, and reading:

''All notes heretofore issued which comply substantially with the requirements of this section are hereby declared to be legal and valid obligations of the governmental unit issuing the same as if issued and sold hereunder.''

This section was first added to Act No. 26, Pub. Acts 1931, by Act No. 46, Pub. Acts 1933, and later amended by Act No. 214, Pub. Acts 1933 (Comp.

Laws Supp. 1933, § 2702–6), and relates solely to municipal issue of scrip, notes and certificates of evidence of indebtedness to meet declared emergency demands and bears no relation to the procedure provisions in the act of 1931, governing issuance of the note in suit, for Act No. 214, Pub. Acts 1933, in sections preceding section 6 still carries substantially the procedure required by the act of 1931 in order for the township to issue the note in suit.

The note was issued in violation of the statutory protective provision and was void *ab initio* and there can be no recovery thereon.

The judgment in the circuit court is affirmed, with costs to defendant.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.